UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JPMORGAN CHASE BANK, N.A.,

Plaintiff,

v.

SFR INVESTMENTS POOL 1, LLC, et al.

Defendants.

Case No. 2:16-cv-02198-RFB-NJK

ORDER

## I. INTRODUCTION

Before the Court is SFR Investments Pool 1, LLC's motion for default judgment against Ryan Cardella and Stephanie Norton. ECF No. 77.

## II. PROCEDURAL BACKGROUND

JP Morgan Chase Bank, N.A. sued Defendants, including SFR, on September 16, 2016. ECF No. 1. SFR answered the complaint on November 18, 2016 and asserted counterclaims against Chase Bank and crossclaims against Cardella and Norton. ECF No. 27. SFR does not seek any monetary relief from Cardella or Norton. ECF No. 77-7. It instead asserts claims for declaratory relief and to quiet title. ECF No. 27.

Both Cardella and Norton were served with the cross-complaint. ECF Nos. 50, 51. After the two failed to respond to the cross-complaint, the Clerk of the Court entered default against Cardella and Norton on August 4, 2017. ECF No. 60.

On March 22, 2018, this matter was administratively stayed, pending the Nevada Supreme Court's decision on the certified question in SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018). ECF No. 69. When the stay was lifted, the Court also granted

a stipulation to dismiss all claims between Chase Bank, Vista Ridge Homeowners' Association, and SFR. ECF No. 72. SFR was then ordered to file motions for default judgment against Cardella and Norton or file a status report explaining how it intended to proceed with its crossclaims. ECF No. 73. SFR now moves for default judgment against both cross-defendants. ECF No. 77. Neither opposed the motion nor appeared in any manner. ECF No. 80. The remaining parties and claims have been dismissed. ECF Nos. 76, 79.

### III. ALLEGED FACTS

In its cross-complaint, SFR alleges the following:

Cardella and Norton purchased the property located at 1516 Emerald Peak, Henderson, Nevada 89012 in April 2005. But Cardella and Norton failed to timely pay the homeowners' association fees associated with the property. Vista Ridge Homeowners Association foreclosed on the property under NRS Chapter 116 as a result. The foreclosure process began in 2010, and the sale occurred on September 19, 2012. Vista Ridge Homeowners Association purchased the property at its foreclosure sale. It then quitclaimed its interests to SFR.

### IV. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and

///

(7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

## V. DISCUSSION

In considering the seven Eitel factors, the Court finds default judgment against Cardella and Norton is warranted. The first and sixth factors favor granting default judgment because the cross-defendants have failed to defend—or appear at all in this matter—for the last three years. Their failure to appear prejudices SFR by preventing it from determining its rights to the property. Their failure to appear for *nearly three years*, a substantial period of time, also demonstrates the lack of excusable neglect. And while the seventh factor generally counsels against the granting of default judgment, the cross-defendants' failure to appear prevents the Court from determining the matter on its merits.

The second and third factors also favor a grant of default judgment. The crossclaims rely on the recorded documents and allegations that sufficiently allege a nonjudicial foreclosure sale extinguished the cross-defendants' interests, if any, to the property.

Finally, there is no money at stake to counsel against the grant of default judgment; SFR seeks only declaratory relief against Cardella and Norton. Thus, the Court finds the Eitel factors favor the grant of default judgment against both cross-defendants and grants the motion for default judgment accordingly.

## VI. CONCLUSION

**IT IS ORDERED** that SFR Investments Pool 1, LLC's motion for default judgment (ECF

No. 77) is GRANTED.  The Clerk of the Court is instructed to enter judgment on the cross-claims against Ryan Cardella and Stephanie Norton in favor of SFR Investments Pool 1, LLC.  The Court declares that neither Ryan Cardella nor Stephanie Norton hold any interest, right, or title to the property as a result of the foreclosure sale.

**IT IS FURTHER ORDERED** that the Clerk of the Court is also instructed to close this matter accordingly.

DATED: July 29, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**